IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KENNETH A DUNN,

    Petitioner,

v.                                                                                                                                                                               No. 18-cv-00289 KG/KBM

KEN SMITH and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO

    Respondents.

## **ORDER TO SHOW CAUSE**

Before the Court is Kenneth Dunn's habeas corpus petition under 28 U.S.C. § 2254 (Doc. 1). Dunn asks the Court to vacate his state sentence for criminal sexual penetration, aggravated battery, and kidnapping based on, inter alia, ineffective assistance of counsel and due process violations. For the reasons below, the Court will require Dunn to show cause why his habeas petition should not be dismissed as untimely.

**I. Background**

A jury convicted Dunn of the above-mentioned charges on May 3, 2006. *See* Doc. 1 at 1; Verdicts in case no. D-1329-CR-2003-00320.[1] He was sentenced to 36 years imprisonment. *See* Doc. 1 at 1. The state court entered Judgment on Dunn's conviction and sentence on August 16, 2006. *Id.;* Judgment and Sentence entered in case no. D-1329-CR-2003-00320. Dunn did not file an appeal. *See* Doc. 1 at 2. The Judgment therefore became final on August 16, 2006, when the 30-day appeal period expired. *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001)

---

[1] The Court took judicial notice of the state court criminal docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand").

(For purposes of § 2254, the conviction becomes final upon the expiration of the state appeal period); NMRA, Rule 12-201 (providing that a notice of appeal must be filed within 30 days after entry of the judgment).

Over three years later on March 8, 2010, Dunn filed a state habeas petition. *See* Doc. 1 at 3. The state court denied the petition on February 5, 2016. *Id.* Dunn sought certiorari review with the New Mexico Supreme Court, but the certiorari petition was denied by a mandate issued April 10, 2017. *Id.* at 6. On March 27, 2018, Dunn filed the federal § 2254 petition (Doc. 1).

## II. Timeliness of the § 2254 Petition

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

The one-year limitation period appears to have expired in August 2007, nearly eleven years

before Dunn filed his federal § 2254 petition in March 2018. Further, the filing of a state habeas petition after the expiration of the one-year period did not – as Dunn may believe – restart the clock or otherwise immunize the untimely federal petition. *See Gunderson v. Abbott*, 172 Fed. App'x. 806, 809 (10th Cir. 2006) (unpublished) ("A state court [habeas] filing submitted after the … deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (noting the petitioner could not taking advantage of tolling "for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until after … the end of the limitations period.…"). The Court will therefore require Dunn to show cause within thirty (30) days of entry of this Order why his habeas petition should not be dismissed as untimely. Failure to timely comply may result in dismissal of the habeas action without further notice. *See Hare v, Ray,* 232 F.3d 901 (10th Cir. 2000) (the district court may *sua sponte* dismiss an untimely § 2254 petition where the petitioner fails to identify circumstances that would support tolling).

**IT IS THEREFORE ORDERED** that, within thirty (30) days of entry of this Order, Dunn must file a response showing cause, if any, why his § 2254 habeas petition should not be dismissed as untimely.

                                                                       /s/ Karen B. Molzen
                                                             UNITED STATES MAGISTRATE JUDGE

3