IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KENNETH A. DUNN,

    Petitioner,

vs.                                                                                Civ. No. 18-289 KG/KBM

KEN SMITH and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Kenneth Dunn's 28 U.S.C. § 2254 Habeas Corpus Petition (Doc. 1). Petitioner challenges his state sentences for criminal sexual penetration, aggravated battery, and kidnapping. He alleges counsel rendered ineffective assistance and the state court violated his due process rights. Having carefully considered relevant law and Petitioner's arguments, the Court will dismiss the Petition as time-barred.

I. <u>Background</u>

A jury convicted Petitioner of the above-mentioned charges on May 4, 2006. (Doc. 1) at 1; Verdicts in case no. D-1329-CR-2003-00320.[1] The state court sentenced him to 36 years imprisonment. (Doc. 1) at 1. Judgment on Petitioner's conviction and sentence was entered August 16, 2006. *Id.;* Judgment and Sentence entered in case no. D-1329-CR-2003-00320. Petitioner did not appeal. (Doc. 1) at 2. Therefore, the Judgment became final no later than

---

[1] The Court took judicial notice of the state court criminal docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records … concerning matters that bear directly upon the disposition of the case at hand").

September 18, 2006, the first business day following expiration of the 30-day appeal period. *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (For purposes of § 2254, the conviction becomes final upon the expiration of the state appeal period); NMRA, Rule 12-201 (providing that a notice of appeal must be filed within 30 days after entry of the judgment). The state court docket reflects there was no activity in the criminal case for the next three years. *See generally* case no. D-1329-CR-2003-00320.

On March 8, 2010, Petitioner filed a state habeas petition. (Doc. 1) at 3. The state district court denied relief on February 5, 2016. *Id.* Petitioner then sought certiorari review with the New Mexico Supreme Court (NMSA). *Id.* The certiorari petition was denied by a mandate issued April 10, 2017. *Id.* at 6. Petitioner filed the Section 2254 proceeding on March 27, 2018 (Doc. 1).

II. <u>Discussion</u>

Section 2254 habeas petitions must generally be filed within one year after the defendant's conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period can be extended:

(1)  While a state habeas petition is pending, § 2244(d)(2);

(2)  Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3)  Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4)  Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C). Because the one-year limitation period is not jurisdictional, the period may also be

extended through equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010).

By a Memorandum Opinion and Order entered December 12, 2018, the Court directed Petitioner to show cause why his Section 2254 Petition should not be dismissed as untimely. (Doc. 8). The Petition reflects the one-year limitation period expired in September 2007, and this habeas proceeding was filed over ten years later. In his show-cause response, Petitioner argues the one-year period began when the NMSC denied certiorari review on April 10, 2017. (Doc. 10) at 7. However, Petitioner did not file his state habeas proceeding until March 8, 2010. (Doc. 1) at 3. The federal deadline "cannot be tolled for time spent in state post-conviction proceedings because [Petitioner's] application[] for post-conviction relief w[as] not filed until after … the end of the limitations period.…" *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001). *See also Gunderson v. Abbott*, 172 Fed. App'x. 806, 809 (10th Cir. 2006) (unpublished) ("A state court [habeas] filing submitted after the … deadline does not toll the limitations period.").

Alternatively, Petitioner argues the limitations period was tolled based on an unconstitutional state impediment. He contends: (a) trial counsel never informed him of the 30-day appeal period following his conviction; (b) he lacks adequate access to the legal materials; and (c) the state trial court failed to appoint counsel in his habeas proceeding. (Doc. 12). Even assuming trial counsel was deficient, ineffective assistance of counsel is "not the type of State impediment envisioned in § 2244(d)(1)(B)." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd*, 549 U.S. 327 (2007). *See also Irons v. Estep,* 2006 WL 991106, at *1 (10th Cir. Apr. 17, 2006) (same). It is also not clear how Petitioner's present lack of legal access impacted his ability to prepare the petition in 2006 or 2007. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (rejecting arguments "provid[ing] no specificity regarding the alleged lack of access," where

"[i]t [wa]s apparent that [petitioner] simply did not know about the limitation … until it was too late"); *see also Garcia v. Hatch*, 343 F. App'x 316, 318-19 (10th Cir. 2009) (unpublished) (Section 2244(d)(1)(B) requires specific facts connecting inadequate resources to untimely filing). Finally, the Court is not convinced the state trial judge presented any impediment to filing. Judges are not obligated to educate inmates about their collateral attack options, and "there is no constitutional right to counsel beyond the appeal of a criminal conviction." *Swazo v. Wyo. Dept. of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994).

Based on the foregoing, the Court finds tolling does not apply, and the Petition is time-barred. The Court will dismiss the Petition pursuant to Habeas Corpus Rule 4. Because Petitioner has not "made a substantial showing of the denial of a constitutional right," the Court will also deny a certificate of appealability under Habeas Corpus Rule 11. *See* 28 U.S.C. § 2253(c)(2).

IT IS THEREFORE ORDERED that Kenneth Dunn's habeas corpus petition under 28 U.S.C. § 2254 (Doc. 1) is DISMISSED; a certificate of appealability is DENIED; and final judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE